VIRGINIA:

FILED
JUL 27 2018
CLERK, U.S. DISTRICT COURT

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

VIRGINIA STATE BAR EX REL
THIRD DISTRICT COMMITTEE
VSB Docket Nos. 15-033-100800, 15-033-102037 and 16-033-104333

v.                                                           Case Nos. CL17001040-00
                                                                            CL17004695-00

JOSEPH DEE MORRISSEY

## FINAL JUDGMENT MEMORANDUM ORDER

**THIS CAUSE** came to be heard on the 26th through the 30th days of March, 2018, by a Three-Judge Circuit Court impaneled by the Supreme Court of Virginia on June 19, 2017 and October 18, 2017, by designation of the Chief Justice of the Supreme Court of Virginia, pursuant to §54.1-3935 of the Code of Virginia (1950) as amended, consisting of the Honorable Louis R. Lerner, Retired Judge of the Eighth Judicial Circuit, the Honorable Jonathan C. Thacher, Retired Judge of the Nineteenth Judicial Circuit, and the Honorable Paul W. Cella, Chief Judge of the Eleventh Judicial Circuit, designated Chief Judge of the Three-Judge Circuit Court.

The Virginia State Bar appeared through its Bar Counsel, Edward L. Davis, and Assistant Bar Counsel, Christine M. Corey The Respondent attorney, Joseph Dee Morrissey, having received proper notice, appeared in person and by his counsel, William M. Stanley, Jr. and Aaron B. Houchens.

**WHEREUPON,** a hearing was conducted upon the Rules to Show Cause issued against Respondent, Joseph Dee Morrissey, which Rules directed him to appear and to show cause why his license to practice law in the Commonwealth of Virginia should not be suspended, revoked or otherwise sanctioned by reason of allegations of ethical misconduct set forth in the Certifications issued by subcommittees of the Third District Committee, Section III, of the Virginia State Bar.

By agreement of the Court and Counsel, Case Number CL17001040-00 (consisting of VSB Docket Numbers 15-033-100800 and 15-033-102037), was continued from its original hearing date of August 2, 2017, in order to be heard together with Case Number CL17004695-00 (VSB Docket Number 16-033-104333).

Also by agreement of the Court and counsel, the parties presented their cases separately in each of three individual complaints. Following the argument of counsel, the Three-Judge Circuit Court retired to deliberate separately on each of the three complaints as to whether any of the allegations of misconduct had been proven by clear and convincing evidence. Following these deliberations, and with the agreement of counsel, the Three-Judge Court held one hearing on the issue of sanction.

### Case Number CL17004695-00 (VSB Docket Number 16-033-104333)
### Complainant: Virginia State Bar

The Court received Virginia State Bar Exhibits 1-86 without objection and Respondent's Exhibits 1-120 without objection, except for Respondent's Exhibits 12, 93, 101, 103 and 105, to which the Bar objected and Respondent thereafter did not offer into evidence.

The parties stipulated to the following facts:

1. At all times referenced herein Respondent has been an attorney licensed to practice law in the Commonwealth of Virginia.

2. In July 2014, Respondent was charged with possession of child pornography, distribution of child pornography, taking indecent liberties with a child by a person in a supervisory role, contributing to the delinquency of a minor, and use of a communications system to solicit certain offenses involving children.

3. Prior to the scheduled trial in December 2014, Respondent entered an Alford Plea to one misdemeanor charge of contributing to the delinquency of a minor. The recitation of the evidence that the Commonwealth would have presented to prove the charges is set forth in the Alford Plea (Exhibit A)[1]. The Alford Plea included an attached exhibit titled "Text Timeline" that included explicit and sexually graphic text messages to and from Respondent and MP and nude photographs of MP requested by Respondent.

---

[1] Exhibit A referenced is not attached hereto but included with the Subcommittee Certification dated July 31, 2017.

4. The remaining charges against Respondent were dismissed. Respondent was sentenced to six months in jail, which was reduced to ninety days on work release pursuant to the plea agreement.

5. The Morrissey II charges were dismissed by the Henrico County Circuit Court pre-trial due to a clause in the Alford Plea agreement that stated that the Commonwealth agreed to "withhold any other potential criminal charges against the Defendant, such as conspiracy to suborn perjury, conspiracy to obstruct justice, etc.," and because the Court determined that the double jeopardy rights of the Respondent were implicated.

6. Following the dismissal of the Morrissey II charges, the Virginia State Bar ("VSB") began its investigation and issued subpoenas *duces tecum* to four of Respondent's criminal defense attorneys: Amy Austin, Anthony Troy, James Maloney, and Ward Armstrong. Mr. Troy, Mr. Maloney, and Mr. Armstrong filed Motions to Quash the subpoenas and Ms. Austin wrote a letter to the VSB objecting to the disclosure of Respondent's file based on attorney-client privilege.

7. On March 4, 2016, at a hearing before the Henrico County Circuit Court, Respondent agreed to turn over his attorneys' files to the VSB, omitting nothing.

8. Respondent filed a Motion to Quash the VSB's subpoena *duces tecum* to Sensei Enterprises and, after a hearing in the Henrico County Circuit Court, the Honorable Lee A. Harris, Jr. denied the Motion to Quash and ordered Sensei Enterprises to comply with the VSB subpoena *duces tecum*.

9. In the "Defendant's Position" section of the Alford Plea, Respondent stated that 1) he and MP would have testified that they did not have sexual intercourse on August 20, 2013; 2) beginning "the evening of August 20, 2013 and continuing through the morning of August 21, 2013 and beyond, [Brittaney] McKinney could and did author and send the salacious text messages and nude photographs contained in the Commonwealth's evidence"; and, 3) "[b]oth Mr. Morrissey and [MP] would have testified and denied sending the text messages and photographs to one another or third parties."

10. Respondent's former legislative assistant, Carter Nichols, has testified that Respondent told Carter that he sent the sexually explicit text messages to MP, but he thought she was an adult. Mr. Nichols has also testified that Respondent told Mr. Nichols that he had nude photographs of MP on his phone and that he sent those to his friend, Abe Massad.

The Court received the testimony of the following witnesses for the Virginia State Bar:

Lieutenant Ashley M. Robertson, Detective Coby Kelley, Detective Elizabeth Wright, Michael Maschke, Carter R. Nichols, Esquire, Amy L. Austin, Esquire, Ward L. Armstrong, Esquire, Anthony F. Troy, Esquire, Laura May Hooe, Esquire, James T. Maloney, Esquire, and Sherri A.

3

Thaxton, Esquire.

At the close of the Bar's evidence, Respondent made a motion to strike and counsel argued the matter. Upon deliberation, the Court sustained the motion to strike as to Rules of Professional Conduct 3.3 (a), 3.4 (a), (c), and (d), and 8.4 (c). The Court overruled Respondent's motion to strike RPC 8.4 (b), and the matter proceeded.

The Court received the testimony of the following witnesses for Respondent: Ann Lawson, Heidi Schlicher Cook, Brittany Anderson, Tremaine Wright, Michael Phillips, Paul Goldman, and Paul Gregorio, Esquire, after which Respondent rested. The Court then received the testimony of Lieutenant Robertson whom the Bar called in rebuttal.

Thereafter counsel made closing arguments, Respondent renewed his motion to strike, and the Court retired to deliberate. Upon due deliberation, and consideration of the exhibits, witness testimony and the arguments of counsel, the Court finds that the Bar proved by clear and convincing evidence that the Respondent violated Rule 8.4 (b) of the Virginia Rules of Professional Conduct, which provides:

**RULE 8.4    Misconduct**

It is professional misconduct for a lawyer to:

(b) commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;

### Case Number CL17001040-00 (VSB Docket Number 15-033-100800)
### Complainant: L. Douglas Wilder

The Court received Bar Exhibits 1-24 and Respondent's Exhibits 1-105 without objection. During its opening statement, the Bar moved to withdraw the RPC 1.16 (d) and (e), and 8.4 (b) and (c) allegations. There being no objection from the Respondent, the Court granted the motion and dismissed the charges. At the close of the Bar's evidence, Respondent made a

4

motion to strike, and counsel argued the matter. Upon due deliberation, the Court granted the motion with respect to RPCs 3.4 and 8.1, and overruled the motion with respect to RPC's 1.1, 1.3 and 3.1. Respondent then presented his case, during which Respondent moved to dismiss the RPC 1.1 and 1.3 allegations when one of his witnesses, Complainant L. Douglas Wilder, having received substituted service of process, did not appear. Counsel argued the matter, and upon due deliberation, the Court dismissed the RPC 1.1 and 1.3 charges. At the close of all of the evidence, counsel again argued the matter and Respondent renewed his motion to strike the remaining RPC 3.1 allegation. Following its deliberations, the Court determined that the Bar had failed to prove a violation of RPC 3.1 by clear and convincing evidence, and dismissed the matter.

## Case Number CL17001040-00 (VSB Docket Number 15-033-102037)
### Complainant: David A. Jones

The Court received Bar Exhibits 25-33 and Respondent's Exhibits 1-31 without objection. During its opening statement, the Bar moved to withdraw the RPC 1.4 (a) allegation. There being no objection, the court granted the motion and dismissed the charge.

The parties stipulated to the following facts:

1. During all times relevant hereto, Respondent has been an attorney licensed to practice law in the Commonwealth of Virginia.

2. In 2013, David A. Jones ("Complainant"), hired Respondent to defend him against four criminal charges brought by his brother: a felony charge of malicious wounding, and three misdemeanor charges of domestic assault, brandishing a firearm, and violation of a protective order.

3. The matters were pending in the Juvenile and Domestic Relations District Court for King and Queen County.

4. By letter to the court, dated October 15, 2013, Respondent noted his appearance, stating, "I have been retained to represent Mr. Jones in the above matter," and provided his available dates.

5. The preliminary hearing on the felony charge and trial of the misdemeanor charges were scheduled for December 2, 2013, one of the dates provided by Respondent.

6. Respondent and one of his employees, Ericka Battle ("Battle"), a recent law school graduate, prepared the case, filed for discovery and corresponded with the prosecuting attorney. Respondent, Paul Gregorio, Esquire, and Ericka Battle, who was a first year Associate, all worked on the case including filing Discovery, corresponding with the Commonwealth's Attorney, and meeting with the Complainant, David Jones. Ericka Battle was a first year Associate who had previously handled by herself, numerous cases in the Commonwealth's Attorney's office. Further, Ms. Battle was not merely a law school graduate, but had passed the Bar, was licensed by the Virginia State Bar and was registered and listed with the Virginia State Bar as "Active, in Good Standing."

7. The prosecutor recalled corresponding with Respondent, and talking with Respondent and Battle about the matter. It is possible that Paul Gregorio also spoke with the prosecutor. Following these discussions the prosecutor determined that the evidence was insufficient to support the charges and agreed to seek an order of nolle prosequi from the court.[2]

8. Upon learning that the Commonwealth had agreed to move for an order of nolle prosequi, Respondent sent Battle in his stead to represent Complainant at the December 2, 2013 hearing.

9. When Ms. Battle appeared in court on December 2, 2013, she had a very friendly and jovial exchange with the Court.

    Court: "Hi Ms. Battle, I was hoping to see Mr. Morrissey."

    Ms. Battle: "No Your Honor, Mr. Morrissey is not here…You will only get me today." Both the Court and Ms. Battle laughed.

10. The Commonwealth moved for an order of nolle prosequi as planned, and the court granted the motion and entered orders of nolle prosequi for all four charges. The court noted Battle as counsel for Complainant in its four orders, but other than standing in for Respondent, she took no other meaningful action on behalf of Mr. Jones.

11. As of the date that she appeared in court for Complainant on December 2, 2013, Battle had passed the bar exam on July 30, 2013, was licensed by the Virginia State Bar on October 31, 2013, and on November 8, 2013, was registered and listed with the Virginia State Bar as "Active, in Good Standing." She had not, however, been administered the oath of fidelity by the Supreme Court of Virginia or any court as required by Virginia Code Section 54.1-3903. The Supreme Court of Virginia administered her the oath at a ceremony two days later on December 4, 2013.

---

[2] A motion for entry of nolle prosequi is a decision by the Commonwealth's Attorney not to further prosecute a case. A nolle prosequi may be entered only in the discretion of the court, with good cause shown.

6

12. Virginia Code Section 54.1-3903 provides that:

> *Before an attorney may practice in any court in the Commonwealth, he shall make the oath of fidelity to the Commonwealth, stating that he will honestly demean himself in the practice of law and execute his office of attorney-at-law to the best of his ability. An attorney who has qualified before the Supreme Court of Virginia shall be qualified to practice in all courts of the Commonwealth. An attorney who has qualified before a court other than the Supreme Court shall be qualified to practice only in the court which administered his oath. Each court in which an attorney intends to practice may require the attorney to produce satisfactory evidence of his licensure or authorization.*[3]

(This section does not reference those 3rd-year law students and 1st-year Associates who have third-year practice papers. In the instant case, Ms. Battle was a 1st-year Associate who had handled numerous cases pursuant to her 3rd-year practice certificate.)

13. By letter to Complainant, dated December 2, 2013, Battle explained that after talking with the Commonwealth's Attorney about inconsistencies in the victim's statements to police, the Commonwealth agreed to seek an order of nolle prosequi, the effect of which she also explained to Complainant.

14. By letter, dated March 20, 2015, Respondent submitted an answer to the bar complaint candidly acknowledging that his associate had not been sworn in when he sent her to court. He noted that she had a third-year practice certificate, and that she had appeared in numerous criminal cases while serving as an intern at the Commonwealth's Attorney's office. Battle had second chaired dozens of cases with Respondent in court matters ranging from DUI to 1st degree murder.

15. Battle's third-year practice certificate expired by operation of law when she passed the bar exam. (Rules of Court, Part 6, Section IV, Paragraph 15.c.1

16. Respondent explained that Battle did research and worked as a second chair under his supervision.

17. When asked why he sent Battle to the hearing by herself, Respondent said that it was because it was a routine nolle prosse. He could not recall sending her to court by herself at any other time.

---

[3] Although practicing law in a Virginia court without having made the oath of fidelity to the Commonwealth is in contravention of Virginia Code Section 54.1-3903, case law provides that doing so is no longer a crime under 54.1-3904, the statute that makes the unauthorized practice of law a crime. The case provides that instead, a violation of 54.1-3903 "...may be redressed by the court under its general powers." *Horne v. Bridwell*, 193 Va. 381, 68 S.E.2d 535 (1952) (decided under prior law).

18. Battle provided the bar with a similar explanation of her role: that she worked up cases for Respondent, interviewed witnesses, prepared documents for his review and went to court with him on occasion. When asked, she said that she could not recall examining witnesses or performing any other courtroom functions.

Thereafter, the Bar presented the testimony of Ericka Battle, Esquire, and rested. Respondent made a motion to strike, and counsel argued the matter. Following its deliberations, the Court granted the motion to strike with respect to the RPC 1.3 allegations, and overruled the motion with respect to the RPC 5.1 and 5.5 allegations. The Court then received the testimony of Ann Lawson and Respondent, after which Respondent rested. Counsel argued the matter, and Respondent renewed his motion to strike.

Upon due deliberation, and consideration of the exhibits, witness testimony and the arguments of counsel, the Court finds that the Bar proved by clear and convincing evidence that the Respondent violated Rules 5.1 and 5.5 of the Virginia Rules of Professional Conduct, which state that:

**RULE 5.1   Responsibilities Of Partners And Supervisory Lawyers**

(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

**RULE 5.5   Unauthorized Practice Of Law; Multijurisdictional Practice of Law**

(c) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, <u>or assist another in doing so</u>. (Emphasis added.)

### Sanction Proceedings

Over Respondent's objection, the Court received Respondent's prior disciplinary record, consisting of eight disciplinary actions: three Dismissals with Terms, a Private Reprimand, a Public Reprimand, a Suspension of his license to practice law for six months, a Suspension of his

license to practice law for three years, and the Revocation of his license to practice law in the Commonwealth of Virginia, effective April 25, 2003. Over Respondent's objection, the Court also received a Memorandum Opinion Order from the United States District Court, Eastern District of Virginia, disbarring Respondent from practicing law before that Court, which the Virginia State Bar Disciplinary Board referenced in its Revocation Order of April 25, 2003. Finally, the Court received without objection the Orders of the Supreme Court of Virginia approving Respondent's petition for reinstatement and reinstating his license to practice law, effective April 27, 2012.

Respondent presented the testimony of ten witnesses as to his character or abilities as an attorney: Deidre Warren, Myrna Warren, Myrna Morrissey, Jason Anthony, Esquire, Gray Collins, Esquire, Catherine Mullins, Esquire, Gary Hershner, Esquire, Paul Galanides, Esquire, the Reverend Joe Ellis, and Rhetta Daniel, Esquire.

Respondent and the Bar then presented argument regarding the sanction to be imposed upon the Respondent for the misconduct found, and the Court recessed to deliberate.

**AFTER DUE CONSIDERATION** of the evidence as to mitigation and aggravation and other arguments of counsel, the Court reconvened to announce its sanction, the **REVOCATION** of Respondent's license to practice law in the Commonwealth of Virginia, effective May 15, 2018. Upon Respondent's motion, the Court deferred the effective date of the sanction to June 15, 2018.

Accordingly, it is hereby **ORDERED** that Respondent's license to practice law in the Commonwealth of Virginia is **REVOKED**, effective June 15, 2018.

It is further **ORDERED**, pursuant to the provisions of Part 6, §IV, Paragraph 13-29 of the Rules of the Supreme Court of Virginia, that the Respondent shall forthwith give notice, by

certified mail, return receipt requested, of the suspension of his license to practice law in the Commonwealth of Virginia to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care, in conformity with the wishes of his clients. The Respondent shall give such notice within 14 days of the effective date of the Revocation, and make such arrangements as are required herein within 45 days of the effective date of the Revocation. The Respondent shall furnish proof to the Bar within 60 days of the effective date of the Revocation that such notices have been timely given and such arrangements for the disposition of matters made. Issues concerning the adequacy of the notice and the arrangement required herein shall be determined by the Virginia State Bar Disciplinary Board, which may impose a sanction of Revocation or Suspension for failure to comply with these requirements.

Pursuant to Part 6, §IV, Paragraph 13-9.E of the Rule of the Supreme Court of Virginia, the Clerk of the Disciplinary System of the Virginia State Bar shall assess costs.

It is further **ORDERED** that a copy teste of this order shall be served by the Clerk of this Court upon the Respondent, Joseph Dee Morrissey, by certified mail, return receipt requested, at 605 E. Nine Mile Rd., Henrico, Virginia 23075, his address of record with the Virginia State Bar; and by regular mail to his counsel, William E. Stanley, Esquire, and Aaron Houchens, Esquire, at 13508 Booker T. Washington Highway, Moneta, Virginia 24121, and to Edward L. Davis, Bar Counsel at the Virginia State Bar, Bank of America Building, 1111 East. Main Street, Suite. 700, Richmond, Virginia 23219-0026.

This Order is the final judgment of this Court as provided by Rule 5:21(b)(2)(ii) of the Rules of Court.

The court reporter who transcribed these proceedings is Tracy J. Stroh, RPR, CCR, CLR of Chandler & Halasz, Court Reporters, P.O. Box 9349, Richmond, Virginia 23227, telephone number 804-730-1222.

ENTERED this \_\_\_8\_\_\_ day of \_\_\_June\_\_\_, 2018.

*Paul W. Cella*
Paul W. Cella
Chief Judge, Three-Judge Court

*Louis R. Lerner*
Louis R. Lerner
Retired Judge, Three-Judge Circuit Court

*Jonathan C. Thacher*
Jonathan C. Thacher
Retired Judge, Three-Judge Circuit Court

A Copy
Teste: EDWARD F. JEWETT, CLERK
BY: _____ D.C.

11

WE ASK FOR THIS:

VIRGINIA STATE BAR

_____
Edward L. Davis, Bar Counsel
Virginia State Bar No. 23428
Christine M. Corey, Assistant Bar Counsel
Virginia State Bar No. 44520
1111 East Main Street, Suite 700
Richmond, Virginia 23219-0026
Tel: (804) 775-0566
Fax: (804) 775-0597
davis@vsb.org
corey@vsb.org


SEEN AND OBJECTED TO:

JOSEPH DEE MORRISSEY

_____
William M. Stanley, Esquire
Virginia State Bar No. 37209
Aaron B. Houchens, Esquire
Virginia State Bar No. 80489
Counsel for Respondent Joseph Dee Morrissey
13508 Booker T. Washington Highway
Moneta, Virginia 24121
Tel: (540) 721-6028
Fax: (540) 721-6405
bstanley@shg-law.com
ahouchens@shg-law.com

## RESPONDENT'S OBJECTIONS TO FINAL MEMORANDUM ORDER

COMES NOW, the Respondent Joseph Dee Morrissey (the "Respondent"), by counsel, and makes the following objections to this Three Judge Panel's Final Memorandum Order:

I. **In Re Joseph Dee Morrissey (Case No. CL 170014695-00); Complainant: Virginia State Bar**

   1. Respondent objects to the Court's finding that he violated Rule 8.4 of the Rules of Professional Conduct.

   2. Respondent objects to this Court's determination that he violated Rule 8.4(b) of the Rules of Professional Conduct, that "he commit[ted] a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law."

   3. Respondent objects to this Court's ruling that, as a matter of law, Respondent committed a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law;

   4. Respondent objects to the Court's failure to make a factual finding of what criminal and/or deliberately wrongful act Respondent committed and the Court's failure to apply the conduct to Rule 8.4(b) of the Rules of Professional Conduct.

   5. Respondent objects to the Court's finding that he violated Rule 8.4(b) of the Rules of Professional Conduct when the Virginia State Bar ("VSB") never put on any evidence, either in the trial and/or sanctions phase of the proceedings to demonstrate by clear and convincing evidence that any criminal or wrongful act adversely affected upon the Respondent's honesty, trustworthiness or fitness to practice law.

6. Respondent objects to the Court's failure to make any factual findings that any criminal or wrongful act of the Respondent reflected adversely upon his honesty, trustworthiness or fitness to practice law.

7. Respondent objects to the Court's failure to grant his Motion to Strike and renewed Motion to Strike concerning any violation of Rule 8.4(b) of the Rules of Professional Conduct.

II. **In Re Joseph Dee Morrissey (Case No. CL17001040); Complainant: David A. Jones**

1. Respondent objects to this Court's determination that he violated Rule 5.1(b) of the Rules of Professional Conduct

2. Respondent objects to this Court's determination that he violated Rule 5.1(b) of the Rules of Professional Conduct, that he failed to make "reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct."

3. Respondent objects to this Court's ruling that, as a matter of law, Respondent failed to make reasonable efforts to ensure that the other lawyer (Ms. Battle) conformed to the Rules of Professional Conduct;

4. Respondent objects to the Court's finding that he violated Rule 5.5(c) of the Rules of Professional Conduct when the VSB never produced any evidence to demonstrate (by clear and convincing evidence) that Respondent failed to make reasonable efforts to ensure that a lawyer under his direct supervisory authority conformed to the Rules of Professional Conduct.

5. Respondent objects to the Court's failure to make any factual findings of a failure of the Respondent to make reasonable efforts to ensure that the other lawyer conformed to the Rules of Professional Conduct, or that he assisted another (Ms. Battle) in practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction.

6. Respondent objects to the Court's failure to grant his Motion to Strike and renewed Motion to Strike concerning any violation of Rule 5.1(b) and Rule 5.5 (c) of the Rules of Professional Conduct.

III. **Sanctions Proceedings for both In Re Joseph Dee Morrissey (Case No. CL 170014695-00) Complainant: Virginia State Bar and In Re Joseph Dee Morrissey (Case No. CL17001040); Complainant: David A. Jones.**

1. Respondent objects that this Court received into evidence for consideration Respondent's prior disciplinary record, when his license had been reinstated not by the Virginia State Bar, but by the Supreme Court of Virginia, when the prior actions of the State Bar against the Respondent should not have been considered as a part of evidence of mitigation and aggravation.

2. Respondent objects that this Court revoked his bar license without sufficient legal and/or factual grounds to do so.

3. Respondent objects to the Court's determination that disbarment was the appropriate sanction for the Rules violations in these proceedings.

4. Respondent objects to the Court's sanction of disbarment for violating Rule 8.4(b) of the Rules of Professional Conduct.

5. Respondent objects to the Court's sanction of disbarment for violating Rule 5.1(b) of the Rules of Professional Conduct.

6. Respondent objects to the Court's sanction of disbarment for violating Rule 5.5 (c) of the Rules of Professional Conduct.